1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10   SARAH S.,

11                          Plaintiff,                    CASE NO. 23-CV-1705

12          v.                                            ORDER RE: SOCIAL SECURITY
                                                          DISABILITY APPEAL
13   COMMISSIONER OF SOCIAL
     SECURITY,

14                          Defendant.

15          Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial

16   of her applications for social security insurance (SSI) benefits. Pursuant to 28 U.S.C. §

17   636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before

18   the undersigned. After considering the record, the Court concludes that this matter must be

19   reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).

20                              **I.   BACKGROUND**

21          Plaintiff applied for SSI on January 1, 2020. Administrative Record (AR) 17, 202–08.

22   Her amended alleged date of disability onset is April 30, 2020. AR 17. Upon her request, the

23   Administrative Law Judge (ALJ) held a hearing on November 30, 2022, in which Plaintiff was

24

1   represented and appeared telephonically. AR 34–69. The ALJ issued a decision finding Plaintiff

2   not disabled on January 5, 2023. AR 14–33. The Appeals Council declined Plaintiff's request for

3   review, making the ALJ's decision the final decision of the Commissioner. AR 1–6. Plaintiff

4   filed a Complaint in this Court on November 9, 2023. Dkt. 5.

## II.   STANDARD

6       Pursuant to 42 U.S.C. § 405(g) this Court may set aside the Commissioner's denial of

7   social security benefits if, and only if, the ALJ's findings are based on legal error or not

8   supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211,

9   1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III.   DISCUSSION

11       Plaintiff argues the ALJ erred in several respects at step two of the sequential evaluation

12   process. *See generally* Dkt. 9. At step two, the ALJ considers whether a claimant has medically

13   determinable impairments (MDIs) and, if so, whether those MDIs are "severe."  20 C.F.R. §

14   416.920(a)(4)(ii). The ALJ found Plaintiff had several severe MDIs, but found some of her

15   medically determinable impairments were not severe and found other alleged impairments were

16   not medically determinable. *See* AR 19. Plaintiff challenges the ALJ's determinations that her

17   cyclic vomiting syndrome (CVS) was non-severe and that her autism was not a medically

18   determinable impairment.[1] *See* Dkt. 9.

### A.   Plaintiff's CVS

20       Plaintiff testified that, due to her CVS, she had three- to four-day cyclic vomiting

21   episodes on a monthly basis from 2020 through 2022. *See* AR 48–50. These episodes made it

---

[1] Ordinarily, an error in finding a non-severe impairment at step two is deemed harmless where the ALJ proceeds to the remaining steps because the ALJ must still consider non-severe impairments in formulating the RFC. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Here, however, the ALJ undisputedly did not consider Plaintiff's CVS or autism in formulating the RFC. *See* AR 23–27.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 2

1  difficult to attend to activities and would have made it difficult to perform any sort of work. *See*

2  AR 50–51.

3      The ALJ found Plaintiff's CVS was not severe because it "was eventually successfully

4  treated with the right balance of medications." AR 20. The ALJ noted that Plaintiff "often"

5  sought emergency treatment for her condition during the relevant period. AR 20 (citing AR 409,

6  512, 516, 596). But according to the ALJ, evidence showed her condition was ultimately

7  resolved through the combination of medications mirtazapine and amitriptyline. AR 20. As the

8  ALJ pointed out, Plaintiff acknowledged at the hearing that medication prescribed in August

9  2022 was effective at reducing her episodes of nausea (AR 51) and medical records confirmed

10  this (*see* AR 1257). AR 20.

11      Plaintiff raises no argument challenging the ALJ's finding that her CVS was eventually

12  resolved successfully through medication. *See generally* Dkt. 9 at 2–8. Instead, Plaintiff argues

13  the ALJ inadequately considered whether Plaintiff's CVS was disabling prior to August 2022,

14  when she started using amitriptyline and her medication regime was finalized. Dkt. 9 at 2–7. In

15  particular, Plaintiff argues the ALJ failed to give specific, clear, and convincing reasons for

16  rejecting Plaintiff's testimony about the extent of the limitations caused by her CVS, as the ALJ

17  was required to do. Dkt. 9 at 4–6; *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014);

18  *see also Glanden v. Kijakazi*, 86 F.4th 838, 846 (9th Cir. 2023) (applying the specific, clear, and

19  convincing reasons standard to testimony concerning a step two issue).

20      A claimant is entitled to benefits if their MDIs prevent them from performing substantial

21  gainful activity for at least twelve months. *See* 42 U.S.C. § 1382c(3)(A); 20 C.F.R. § 416.905(a);

22  *id.* § 416.909. For this reason, where an impairment resolves before a hearing but lasted twelve

23  or more months, ALJs must consider whether a claimant is entitled to benefits for the limited

24

1   period of time prior to the impairment resolving.[2] *See, e.g.*, *Courtny R. v. O'Malley*, 2024 WL

2   1269480 at *11 (S.D. Cal. 2024) ("District courts have recognized an ALJ must consider a

3   closed period of disability if evidence supports a finding that a person is disabled for a period of

4   at least twelve months.") (collecting cases); *Calhoun v. Colvin*, 959 F. Supp. 2d 1069, 1075

5   (N.D. Ill. 2013) ("[T]he disability inquiry must be made throughout the continuum that begins

6   with the claimed onset date and ends with the hearing date, much as though the ALJ were

7   evaluating a motion picture at every frame of that time period instead of . . . a snapshot taken [at]

8   the hearing.").

9        The ALJ was thus required to give specific, clear, and convincing reasons for rejecting

10  Plaintiff's testimony about the extent of her CVS limitations prior to August 2022. *See Smith v.*

11  *Kijakazi*, 14 F.4th 1108, 1113 (9th Cir. 2021) ("We therefore hold that the ALJ erroneously

12  rejected Smith's *early-period testimony*, since the ALJ provided no specific, clear, and

13  convincing reasons to find this portion of Smith's testimony not credible.") (emphasis in

14  original).

15       The ALJ failed to meet this burden. The ALJ summarized some of the medical evidence

16  pertaining to Plaintiff's CVS and stated that the impairment was not severe, but made no findings

17  that her testimony with respect to the period between the onset date and August 2022 was

18  incredible or inconsistent with the record. *See* AR 20–21. This was error. *See Brown-Hunter v.*

19

20  ---

21  [2] As part of this argument, Plaintiff argues the ALJ should have "consider[ed] a closed period of disability" between the alleged onset date and August 2022, when Plaintiff began taking amitriptyline. Dkt. 9 at 2–4. But the ALJ did consider such a time period as his decision considered whether Plaintiff was disabled between the onset date and the date of the decision. *See* AR 28 ("The claimant has not been under a disability, as defined in the Social Security Act, since April 30, 2020, the date the application was filed[.]"); *Molina*, 674 F.3d at 1121 ("Even when an agency 'explains its decision with less than ideal clarity,' [the Court] must uphold it 'if the agency's path may reasonably be discerned.'") (quoting *Alaska Dep't of Envtl. Conservation v. EPA*, 540 U.S. 461, 497 (2004)). Nevertheless, the Court finds the ALJ's determination with respect to Plaintiff's disability during the time period between onset and the date in August 2022 when Plaintiff began taking amitriptyline was not supported by substantial evidence.

22

23

24

1  *Colvin*, 804 F.3d 486, 493 (9th Cir. 2015) (An ALJ errs "by making only a 'single general

2  statement that the claimant's statements concerning the intensity, persistence and limiting effects

3  of these symptoms are not credible to the extent they are inconsistent with the above residual

4  functional capacity assessment,' without identifying 'sufficiently specific reasons' for rejecting

5  the testimony.") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102–03 (9th

6  Cir. 2014)).

7          Commissioner argues the ALJ properly rejected Plaintiff's testimony, pointing to four

8  reasons which, it argues, can be inferred from the decision as forming the basis of the ALJ's

9  rejection of Plaintiff's testimony: (1) Plaintiff stopped working for reasons other than disability;

10  (2) Plaintiff improved with treatment; (3) Plaintiff sought treatment for CVS episodes less

11  frequently than she alleged they occurred; and (4) Plaintiff's subjective testimony was

12  inconsistent with some objective medical evidence. *See* Dkt. 14 at 6–10. However, although the

13  ALJ discussed some of the objective medical evidence and Plaintiff's reasons for not working,

14  these were not reasons given by the ALJ for rejecting Plaintiff's testimony. *See* AR 20–21, 23–

15  26. The Court cannot manufacture inconsistencies—even ones that are reasonably inferred from

16  the ALJ's decision— which are not relied on by the ALJ to uphold his determination. *Brown-*

17  *Hunter*, 804 F.3d at 494 ("Although the inconsistencies identified by the district court could be

18  reasonable inferences drawn from the ALJ's summary of the evidence, the credibility

19  determination is exclusively the ALJ's to make, and ours only to review. As we have long held,

20  'We are constrained to review the reasons the ALJ asserts.'") (quoting *Connett v. Barnhart*, 340

21  F.3d 871, 874 (9th Cir. 2003)) (emphasis in original).

22          Even if the Court is to consider these reasons, however, they do not provide specific,

23  clear, and convincing reasons supported by substantial evidence to reject Plaintiff's testimony.

24

1    First, that Plaintiff stopped working for reasons other than disability is not a convincing

2    reason to reject her testimony. Plaintiff stopped working over a decade before her alleged onset

3    date. *See* AR 25, 27, 1264. That she did so for reasons other than her impairments does not

4    contradict her allegations that her impairments prevented her from returning to work over a

5    decade after she left the workforce. Contending otherwise, Commissioner cites to *Bruton v.*

6    *Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). Unlike the circumstance here, the claimant in that

7    case continued to work after the injury the claimant alleged made him unable to work which

8    contradicted his allegations. *See id.* at 826.

9    Second, the evidence of improvement cited by the ALJ and Commissioner does not

10   establish Plaintiff's CVS condition resolved prior to August 2022. Most of the evidence of

11   improvement advanced by Commissioner involves Plaintiff's improvement after August 2022

12   (*see* Dkt. 14 at 8), but such improvement is not a specific reason to reject her testimony about her

13   limitations prior to August 2022, *see Smith*, 14 F.4th at 1113. Commissioner cites to evidence

14   from October 2021 that medications provided "moderate but only temporary relief of [Plaintiff's]

15   CVS symptoms" (AR 596) and evidence that, in July 2021, Plaintiff's use of IV treatment

16   resolved some symptoms (AR 842). *See* Dkt. 14 at 8–9. Neither Commissioner nor the ALJ

17   explain how this evidence establishes that all of Plaintiff's CVS symptoms resolved successfully.

18   Dkt. 14 at 8–9; AR 20–21. "Some improvement" in a person's symptoms "does not mean that

19   the person's impairments no longer seriously affect her ability to function in a workplace." *See*

20   *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001). And at best, this evidence shows

21   Plaintiff's condition improved in late 2021 but does not foreclose the possibility that her

22   condition was disabling between April 2020 and October 2021.

23

24

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 6

1      Third, that Plaintiff sought treatment for her CVS episodes less frequently than she

2    alleged they occurred does not necessarily mean her CVS episodes actually occurred less

3    frequently. "When objective medical evidence in the record is *inconsistent* with the claimant's

4    subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53

5    F.4th at 498 (emphasis in original). But "an ALJ cannot insist on clear medical evidence to

6    support each part of a claimant's subjective pain testimony." *Id.* (citing *Burch v. Barnhart*, 400

7    F.3d 676, 681 (9th Cir. 2005)). Similarly, the ALJ could not insist on documentation to

8    corroborate each CVS episode Plaintiff alleged.

9      Finally, the objective medical evidence identified by Commissioner and summarized by

10   the ALJ is not necessarily inconsistent with Plaintiff's CVS complaints. The ALJ described

11   several normal exam findings—including normal endoscopic examination results and normal

12   esophagus examination. AR 20–21. But the ALJ failed to explain, nor can the Court discern, why

13   such results are inconsistent with Plaintiff's allegations. *See id.* Indeed, there is reason to think

14   such results are not inconsistent with such allegations, as CVS is diagnosed based on otherwise-

15   unexplained cyclic vomiting, and lab, endoscopic, and imagining tests are used only to rule out

16   other conditions that may cause that condition. *See e.g.*, National Institute of Diabetes and

17   Digestive and Kidney Diseases, *Diagnosis of Cyclic Vomiting Syndrome* ("Doctors use lab tests,

18   upper GI endoscopy, and imaging tests to rule out other diseases and conditions that cause

19   nausea and vomiting."

20     In sum, the ALJ failed to provide specific, clear, and convincing reasons for rejecting

21   Plaintiff's testimony about the extent of her CVS-caused limitations prior to August 2022.

22   Defendant does not dispute that such an error requires reversal; accordingly, the Court reverses.

23   *See* Dkt. 14; *Ferguson v. O'Malley*, 95 F.4th 1194, 1204 (9th Cir. 2024) ("The Commissioner

24

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 7

1   does not contend that the ALJ's error was harmless. Consequently, we reverse the judgment . . .

2   .").

3   **B.       Plaintiff's Autism**

4          The ALJ found Plaintiff's autism was not a MDI because there was no evidence in the

5   record establishing it as such—"the claimant's treatment providers have noted that there has

6   been no definitive diagnosis of autism," and, otherwise, other records indicated the diagnostic

7   process was ongoing or that Plaintiff still needed to be evaluated. AR 21 (citing AR 987, 1642–

8   43). Plaintiff does not challenge the ALJ's assessment that there was insufficient evidence in the

9   record to establish autism as a MDI. *See* Dkt. 9 at 8–9. Rather, Plaintiff argues that, because the

10  medical record was underdeveloped with respect to her autism, the ALJ erred by failing to order

11  a clinical psychiatric evaluation to establish autism as a MDI. *See id.*

12         The ALJ had no duty to order a clinical psychiatric evaluation to establish autism as a

13  MDI. The ALJ "has an independent duty to fully and fairly develop the record," *Tonapetyan v.*

14  *Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (cleaned up), which is "triggered by ambiguous

15  evidence, the ALJ's own finding that the record is inadequate or the ALJ's reliance on an

16  expert's conclusion that the evidence is ambiguous." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th

17  Cir. 2005) (citing *Tonapetyan*, 242 F.3d at 1150). However, the ALJ's duty to develop the record

18  cannot be used to shift the burden of proving disability onto the ALJ. *See Mayes v. Massanari*,

19  276 F.3d 453, 460 (9th Cir. 2001); *Gray v. Comm'r of Soc. Sec. Admin.*, 365 Fed. Appx. 60, 63

20  (9th Cir. 2010) (unpublished opinion). The claimant has the burden to provide evidence

21  establishing they have medically determinable impairments. *See* 20 C.F.R. § 404.1512(a); *see*

22  *also* 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless

23

24

1  he furnishes such medical and other evidence of the existence thereof as the Secretary may

2  require").

3          The ALJ's duty to develop the record is not triggered by a claimant's failure to produce

4  evidence of a MDI. In *Mayes*, the Ninth Circuit rejected a claimant's argument that the ALJ

5  should have ordered a consultative exam to determine whether the claimant had a MDI for a

6  condition which was undiagnosed at the time of the hearing. 276 F.3d at 459–60. In that

7  circumstance, "the record before the ALJ was neither ambiguous nor inadequate to allow for

8  proper evaluation of the evidence," since it was adequate for the ALJ to conclude there was not

9  evidence of a MDI. *Id.* at 460. To find otherwise, the Court said, "would improperly shift [the

10 claimant's] burden to the ALJ." *Id.* at 459.

11         For the same reasons, in this case, the ALJ's duty to develop the record further was not

12 triggered—the evidence showed autism was not established as a MDI, and this was enough for

13 the ALJ to reach a decision. Contending otherwise, Plaintiff cites to 20 C.F.R. § 416.919a, which

14 describes situations that "*may* require a consultative exam" (emphasis added) but does not

15 establish the ALJ was required to order a consultative exam in any particular circumstance. *See*

16 *United States v. Rodgers*, 461 U.S. 677, 706 (1983) ("The word 'may,' when used in a statute,

17 usually implies some degree of discretion.").[3]

18         //

19         //

20         //

21

22

23 [3] Plaintiff also cites to *Reed v. Massanari*, 270 F.3d 838, 842–43 (9th Cir. 2001), where the ALJ erred in failing to
   order a consultative exam. But in that case, the ALJ had made a finding that the evidence already in the record was
24 insufficient to evaluation the claimant's application. *See id.* at 843. Here, no such finding was made.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 9

1

## IV.   CONCLUSION

2     For the foregoing reasons, the Court **REVERSES** and **REMANDS** the ALJ's decision

3  pursuant to sentence four of 42 U.S.C. § 405(g) for to reevaluate its finding that Plaintiff's CVS

4  was a non-severe impairment between the alleged onset date and August 2022.

5     Dated this 20th day of June, 2024.

6

7                                                   David W. Christel
                                                    United States Magistrate Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 10